### No. 6144.

Mrs. E. Bourlon, Wife of H. Verges, vs. E. Waggaman, Sheriff, et al.

The plaintiff in execution, which is enjoined by Mrs. Bourlon, attacks on several grounds the validity of the judgment of separation between her and her husband. The record shows that more than one year elapsed between the dates of either the judgments of the seizing creditor, or of the wife for separation, and the date of this proceeding or the date of the seizure enjoined. The plea of prescription of one year filed in this court must prevail.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J. *E. Sabourin* and *E. D. White*, for plaintiff and appellant. *Charles Louque*, and *McEnery, Ellis & Ellis*, for defendants and appellees.

Howell, J. Mrs. Mary Clancy, having judgments against the firm of

Hesse & Verges and against H. Verges, one of said firm, issued execution and seized fifteen hogsheads of sugar as belonging to said H. Verges. The plaintiff, wife of Verges, and separate in property, enjoined the sale, claiming the sugar as raised on a plantation which she purchased after judgment of separation and cultivated with funds obtained on her sole credit. The plaintiff in execution attacked the validity of the judgment of separation, because fraudulently rendered; because rendered by consent; because rendered upon insufficient allegations and without proof; and because it was never executed. Judgment was rendered dissolving the injunction, and plaintiff appealed.

In this court she pleads the prescription of one year.

The record shows that more than one year elapsed between the dates of either the judgments of the seizing creditor or of the wife for separation and the date of this proceeding or the date of the seizure enjoined. The plea of prescription must prevail. See 14 An. 106; 23 An. 546; 24 An. 522.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of plaintiff perpetuating the injunction herein, with costs in both courts.

Rehearing refused.